CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BLVD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRICIA GUSZ,** | : |
| | : |
| **Plaintiffs,** | : |
| **V.** | : **CIVIL ACTION NO.:** |
| | : |
| **ATRIUM POST ACUTE CARE OF** | : |
| **WAYNEVIEW** | : **COMPLAINT AND JURY DEMAND** |
| | : |
| | : |
| **Defendant.** | : |
| | : |

The Plaintiff, Patricia Gusz, residing at 120 A Blvd, City of Elmwood Park, County of Bergen, State of New Jersey, files this Complaint, and would respectfully show the Court as follows:

### NATURE OF CASE

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons

with disabilities in our country's history. This action is brought by the plaintiff, Patricia Gusz, against defendant's rehabilitation center, in their failure to provide reasonable accommodations for the plaintiff's disability and for discrimination based on disability during plaintiff Patricia Gusz's care while in defendant's facility. The plaintiff experienced humiliation and discrimination in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of disability.

2. This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, Plaintiff suffered damages and now seeks declaratory and injunctive relief, and compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq,("NJLAD") the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504. This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## PARTIES

4. Patricia Gusz is a resident of the City of Elmwood Park, County of Bergen and State of New Jersey. Plaintiff Patricia Gusz is profoundly deaf and communicates through American Sign Language. She requires qualified American Sign Language interpreters, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' services. Plaintiff is a qualified person with a disability pursuant to Section 504, the ADA and NJLAD.

2

5.     Defendant, Atrium Post Acute Care of Wayne View, is located at 2020 State Road 23, City of Wayne, County of Passaic and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

## FACTS

6.     One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

7.     The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

8.     Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

9.     Defendant provides public accommodations within the meaning provided in each of the above laws.

10.     As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

11.     Among these aids include a failure to provide interpreters to plaintiff for the care of the plaintiff Patricia Gusz. These aids were requested and denied by the defendant during Patricia Gusz's rehabiliation from July 2, 2015 through August 18, 2015 and on all occasions prior and thereafter.

12. Plaintiff Patricia Gusz was a patient at Atrium Post Acute Care of WayneView from July 2, 2015 through August 18, 2015. On July 2, 2015 Plaintiff was admitted to Atrium Post Acute Care of WayneView to receive rehabilitation after having surgery at a nearby hospital for injuries sustained in a fall.  Prior to going there the defendant was aware she was deaf and required American Sign Language interpreters to communicate. Once there Plaintiff herself and her case

worker asked for an interpreter, but none were provided. Plaintiff had been diagnosed with spinal stenosis and severe myelopathy.

13. Plaintiff underwent intense physical therapy and was administered psychotropic medications among other treatments without any effective way to communicate and understand the treatment she was undergoing. Further the rehab staff was unable to communicate effectively to her as they failed to provide an interpreter to her. It is clearly noted in the rehab records that the rehab instead resorted to using a call bell, written notes, and reading lips to attempt to communicate with Plaintiff. All requests for interpreters were ignored as they had been since her admission. Based on these facts, communication problems arose between plaintiff and defendant as no interpreter was provided to her throughout her hospitalization despite her and her caseworker's repeated requests for same. Plaintiff was unable to discuss any of her questions or implications of this while in the hospital as she had no effective means of communicating.

14. On August 18, 2016 the plaintiff was discharged from the rehab. Throughout plaintiff Patricia Gusz's stay she was seen by various doctors, nurses, and physical therapists without the utilization of an interpreter despite plaintiffs repeated requests resulting in ineffective communication. Without an interpreter being provided to her, plaintiff was unable to communicate effectively during critical aspects of her treatment. This led to plaintiff not having a complete understanding of what took place during her rehabilitation treatment as well as being unable to participate in and ask questions about her treatment, diagnosis prognosis and discharge instructions all due to no interpreter being provided by defendant rehab from July 2, 2015 through August 18, 2015. This also led plaintiff to feel frustrated, scared and upset, as well as feeling isolated, by the lack of

communication during her hospitalization. All requests by plaintiff and her caseworker for a sign language interpreter went ignored by defendant. This lack of communication left plaintiff feeling frustrated and upset as well as this left the plaintiff feeling frightened and scared as she struggled to understand her treatment during her rehabilitation.

15. Plaintiff was ignored, humiliated and treated like non-person by defendants. Defendants' actions resulted in plaintiff being irretrievably denied the complete understanding of the care received while at the Rehab's Facilities. Instead plaintiff experienced shame, anxiety, frustration, emotional distress, fear and discrimination. Further, Patricia Gusz's care was made more difficult and painful by her inability to communicate with the nursing staff, physical therapists, and doctors in a manner in which she could understand.

16. During the plaintiff's admission to defendants' hospital she was requested to sign consent forms and other forms involving procedures without an interpreter present. Plaintiff did not fully understand what treatment was to be performed on her and was often unaware of her diagnosis, prognosis and was unable to fully understand what treatment was to be performed on her.

17. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiff may require the services of defendant rehab's facilities in the future as it is the closest rehab to plaintiff's home, and based upon defendants' ongoing pattern of discrimination will once again be denied reasonable accommodation for their disability.

18. Defendant's willful, knowing and repeated acts of intentional discrimination against plaintiff evidences a pattern and practice of discrimination that is in violation of N.J.S.A. 10:5-1, et seq., the ADA and the Rehabilitation Act and caused plaintiff to suffer and continue to suffer mental pain and anguish.

CLAIMS

19.  Plaintiff realleges and incorporates by reference the allegations of fact contained in the previous paragraphs.

**FIRST COUNT**
**DEFENDANTS VIOLATED TITLE III OF THE AMERICANS**
**WITH DISABILITIES ACT**

20.  Plaintiff's hearing loss substantially limits her major life activities, including her ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title III of the ADA. Plaintiff meets the essential eligibility requirements for Defendant's programs, services, and activities at all times material hereto.  Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

21. Defendant violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when they:

(a)  Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b)  Failed to ensure that communications with Plaintiff were as effective as communications with non-disabled patients;

(c)  Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff;

(d)  Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as individuals with a disability under the ADA;

(e)  Failed to train staff on how to utilize the video remote interpreting system; and

(f)      Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to her disability.

22.  Plaintiff suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the ADA.

## SECOND COUNT
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

23.   Plaintiff is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. Therefore, Plaintiff is considered to be an individual with disabilities under Section 504, as amended, See 29 U.S.C. §706(8). Plaintiff is otherwise qualified under Section 504 because she meets the essential eligibility requirements for Defendant's services at all times material hereto. Defendant is also a recipient of federal financial assistance.

24. Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 by discriminating on the basis of disability.

25. Additionally, Defendant also denied Plaintiff services which it made available to non-disabled patients.

26. Defendant violated Plaintiff's rights through repeated refusals to reasonably accommodate Plaintiff with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

27.     Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendant's violations of Section 504.

## THIRD COUNT

## DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION

28.  Defendant's conduct is also in violation of the N.J.S.A. 10:5-1, et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant, jointly and severally for the following:

29.    Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant'spraclices, policies and procedures have subjected Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

30. Permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendant services or which deny Plaintiffs communication with Defendant. Enter a permanent injunction ordering Defendant:

A.    To cease discrimination against Plaintiff and other deaf or hard of hearing patients;

B.    To promulgate and comply with policies and procedures to ensure that Defendan and its staff do not discriminate against individuals who are deaf and hard of hearing;

C.    To promulgate and comply with procedures to ensure that Defendant will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendant;

D.    To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf or hard of

hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendant will provide sign language interpreters, Videophones, and other communication services to ensure effective communication with and for deaf or hard of hearing persons.

33. Award compensatory and punitive damages;

34. Award reasonable costs and attorneys' fees; and

35. Award any and all other relief that may be necessary and appropriate.

### JURY DEMAND

36. Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

_____/s/ Clara R. Smit_____
CLARA R. SMIT, ESQ.
Attorney for Plaintiff

Dated: July 2, 2017

### CERTIFICATION

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiffs know of no other party who should be joined in this action.

9

<u>/s/ Clara R. Smit</u>
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: July 2, 2017